UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JING ZHAO,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANEC[K]A, Warden of the Adelanto ICE Processing Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-05854-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## PROCEEDINGS

On October 4, 2026, petitioner Jing Zhao ("Petitioner"), represented by counsel, filed a "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Petition") (Docket No. 1), accompanied by two supporting exhibits (Docket Nos. 1-1 and 1-2). The Petition alleges the following claims for relief: (1) Petitioner's detention violates his right to procedural due process in violation of the Fifth Amendment; and (2) Petitioner's detention violates his right to substantive due process in violation of the Fifth Amendment. (Docket No. 1 at 13-

14).[1] The Petition seeks, among other things, Petitioner's immediate release from custody. (Id. at 14-16).

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 5), Respondents were to enter their appearance no later than October 7, 2026, and were to file an Answer to the Petition on or before October 13, 2026. However, Respondents failed to appear and have not filed an Answer or otherwise responded to the Petition.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## RELEVANT BACKGROUND[2]

Petitioner is a native and citizen of the People's Republic of China. (Petition at ¶¶ 1, 11, 19; Docket No. 1-2 at ¶ 2). She first came to the United States as a student in 2013 and completed two master's degrees. (Id. at ¶ 1; Docket No. 1-2 at ¶ 2). In or about September 2017, she was inspected and lawfully admitted to the United States on a valid F-1 Student Visa. (Petition at ¶¶ 1, 20; Docket No. 1-2 at ¶ 2). She did not enter without inspection. (Id.)

At the end of 2017, within one year of her last arrival, Petitioner timely filed an affirmative application for asylum (Form I-589) with United States Citizenship and Immigration Services ("USCIS"). (Petition at ¶¶ 1, 21; Docket No. 1-2 at ¶ 3). That application has remained pending for approximately nine years, through no fault of Petitioner's, and remains pending today. (Petition at ¶¶ 1, 21, 29; Docket No. 1-2 at ¶ 3).

/ / /

---

[1] Citation to the pleadings shall refer to the Court's CM/ECF pagination at the top of each page.

[2] The Background is taken from the Petition.

On the basis of her pending asylum application, USCIS granted Petitioner employment authorization, and she obtained a Social Security number. (Id. at ¶¶ 1, 22; Docket No. 1-2 at ¶ 4). She has since lived openly at an address known to the government, worked lawfully, established community ties, and maintained a spotless record with no criminal history whatsoever. (Id.). She has never before been detained. (Id.).

On October 3, 2026, Petitioner traveled on a domestic flight within the United States. (Id. at ¶¶ 2, 23; Docket No. 1-2 at ¶ 5). She did not depart the United States, did not travel internationally, and did not present at any border or port of entry seeking admission. (Id. at ¶¶ 3, 23; Docket No. 1-2 at ¶ 5).

Upon her arrival at Los Angeles International Airport Immigration and Customs Enforcement ("ICE") officers arrested her without a judicial warrant, without any prior notice, and without a hearing. (Petition at ¶¶ 2, 24; Docket No. 1-2 at ¶ 6). No judge, no magistrate, no Immigration Judge, and no neutral decision-maker of any kind reviewed the decision to deprive her of her liberty before it was taken. (Petition at ¶¶ 2, 24).

Because Petitioner was lawfully admitted in 2017, has remained continuously within the United States since then, and was arrested in the interior of the United States after a purely domestic flight, she is not an "arriving alien" or an applicant for admission subject to 8 U.S.C. § 1225. (Id. at ¶¶ 3, 25). She is not subject to mandatory detention. (Id.). Her detention is discretionary under 8 U.S.C. § 1226(a). (Id.).

Petitioner was transported to and delivered at the Adelanto ICE Processing Center, in Adelanto, California, where she has remained in continuous custody since October 3, 2026. (Id. at ¶¶ 10-11, 26; Docket No. 1-1, Docket No. 1-2 at ¶ 7).

There was no emergency, no exigency, and no risk of flight that pre-deprivation notice would have created and that the government could not have

managed. (Petition at ¶ 27). Petitioner has been in the United States for years; she disclosed her identity and address to USCIS when she applied for asylum; USCIS adjudicated her requests for employment authorization at that address; and she has a Social Security number and a lawful employment history. (Id.).

No final order of removal exists against Petitioner. (Id. at ¶ 29). To Petitioner's knowledge, she has not been served with a Notice to Appear, and no hearing has been scheduled before the Immigration Court. (Id.).

Petitioner asks to be released so that she can continue her asylum application together with her husband. (Id. at ¶ 30).).

Petitioner's confinement is causing her ongoing harm. (Id. at ¶ 31). She suffers from depression, feels sad and depressed in detention, and sleeps very poorly. (Id.; Docket No. 1-2 at ¶ 8). Each additional day of detention compounds that harm. (Petition at ¶ 31).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal

laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment (Docket No. 1 at 13-14), which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and

must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## IV.

## DISCUSSION

### A. Habeas Relief is Warranted.

As noted above, Respondents have elected not to appear in this action, despite the Court's Order to do so, and thus offer no response to the claims raised in the Petition.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375-76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court has reminded the lower courts that they are "essentially passive

instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 608 U.S. 339, 342 (2026) (citation omitted).

Here, Petitioner raises, *inter alia*, a claim that her detention without any pre-deprivation process violated her procedural due process rights under the Fifth Amendment and that the proper remedy is her release from custody. (Docket No. 1 at 13-14). This claim has been found to be a basis for habeas relief by numerous courts in this Circuit, including this one. See e.g., Loero v. Janecka, et al, Case No. 5:26-cv-03713-DTB; Docket No. 11 (Order Granting Petition for Writ of Habeas Corpus, dated July 15, 2026).

Respondents elected not respond to the Petition and to Petitioner's claims, including her procedural due process claim. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject her claim. Their failure to do so constitutes a forfeiture of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf – indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible

for advancing the facts and argument entitling them to relief.") (cleaned up).

Therefore, the Court does not need to decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted by Respondents. As numerous other courts have found in such circumstances, the Petition should be granted based on Respondents' failure to oppose the primary relief sought. See e.g., Barajas-Bautista v. Warden, Desert View Annex, Case No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondents did not oppose granting a bond hearing but did not address the petitioner's remaining claims; and noting that "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing."); Singh v. Chiang, Case No. 5:25-cv-FMO-SP, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, Case No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); Soleimani v. Larose, Case No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim)

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner to be released.

/ / /

/ / /

/ / /

## V.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered: (a) Granting the Petition; (b) ordering Respondents to immediately release Petitioner Jing Zhao (A# 216-187-501) from custody subject to the same conditions (if any) that she was subject to at the time she was arrested and detained; (c) ordering Respondents to return all property and documents confiscated from Petitioner (if any) during her arrest and processing into detention; (d) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without complying with all applicable statutes and regulations, including written notice and a pre-deprivation hearing before a neutral arbiter; and (e) ordering Respondents to file a status report within two (2) business days of the date of this Order to confirm that Petitioner has been released from custody and that her release from custody is subject to the same conditions (if any) that she was subject to at the time she was arrested and detained.

DATED: October 16, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE